# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| ROSINA M. HAAGENSON, | CV-13-04-BMM |
| Plaintiff, | |
| vs. | |
| CAROLYN W. COLVIN, | **ORDER ON MOTION FOR ATTORNEY'S FEES UNDER THE EAJA** |
| Defendant. | |

This Court, the Magistrate Judge (Judge Johnston), and the Administrative

Law Judge ("ALJ") all previously denied Haagenson's application for Social

Security disability benefits (Doc. 24.) The Ninth Circuit then reversed the denial

and remanded to the ALJ for the calculation and award of benefits. (Doc. 30.)

Haagenson, the Plaintiff in this action, filed a motion for attorney's fees under the

Equal Access to Justice Act ("EAJA") on September 19, 2016 in the amount of

$15,917.53. (Doc. 32.)

In order to award attorney's fees under the EAJA, the Court must find that

the government's decision to deny benefits and the government's position in

defending the denial were "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The

government's position is substantially justified "if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988).

Haagenson contends that the Ninth Circuit's remand for an award of benefits established that the evidence did not support a denial under any appropriate review. (Doc. 34 at 2.) The Ninth Circuit determined that the ALJ improperly rejected Haagenson's pain testimony and the opinion of Haagenson's nurse provider and counselor, improperly relied upon a treating physicians' failure to restrict Haagenson's activities, and improperly favored the opinions of two non-treating state physicians over the opinion of the treating physician. (Doc. 34 at 2-3.) Haagenson argues that these determinations render the government's position unjustifiable.

The government counters that its denial and subsequent litigation position are substantially justifiable by virtue of the fact that the ALJ, the Magistrate Judge, and this Court all affirmed the denial. (Doc. 33 at 4.) The government argued that reasonable minds could and did disagree on the various grounds for reversal. *Id.* Haagenson responds, however, by citing a Ninth Circuit decision, *Meier v. Colvin*, 727 F.3d 867 (9th Cir. 2013), wherein the grounds for reversal of the ALJ's denial were similar to the case at issue. The Ninth Circuit reversed the District Court's denial of attorney's fees in *Meier* and rejected the premise that the District Court's prior affirmance of the denial established justifiability. *Meier*, 727 F.3d at 869.

The Court finds *Meier* instructive. The Ninth Circuit reversed and remanded on similar premises to the case at issue, and the Ninth Circuit subsequently determined that the government's position was not substantially justified and that an award of attorney's fees was required under the EAJA. The government's position here similarly fails to meet the substantially justified standard.

**IT IS ORDERED** that Plaintiff's Motion for Attorney's Fees under the EAJA is GRANTED IN FULL, in the amount of $15,917.53.

DATED this 15th Day of November, 2016.

Brian Morris
United States District Court Judge